IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL J. FUGATE,

        Plaintiff,                       Case No.: 3:11-CV-390

vs.

COMMISSIONER OF                 District Judge Walter H. Rice
SOCIAL SECURITY,                 Magistrate Judge Michael J. Newman

        Defendant.

## REPORT AND RECOMMENDATION[1]

On March 20, 2013, Judge Rice adopted the undersigned's Report and Recommendation, reversing and remanding this case, under Sentence Four, for an award of benefits. Docs. 10, 13. Now before the Court is a motion by Plaintiff's counsel for a 25% contingency fee award pursuant to 42 U.S.C. § 406(b); counsel seeks $26,077.59 in past-due benefits. Doc. 18. Plaintiff and his counsel entered into a written contingency-fee agreement, specifying counsel's fee will be 25% of any lump sum award for past-due benefits or a minimum of $2,000.00, whichever is greater. Doc. 18-3 at PageID 675. Counsel has attached a copy of this agreement in support of the instant motion, as well as an affidavit attesting to her background, and the legal services she rendered on behalf of Plaintiff (doc. 18-1). Further, counsel has submitted a copy of the award letter from the Commissioner advising Plaintiff that the Social Security Administration has withheld $25,865.25 (*i.e.*, 25% of Plaintiff's past-due benefits) for the payment of attorney's fees. Doc. 18-5 at PageID 719.

---

[1] Attached hereto is a **NOTICE** to the parties regarding objections to this Report and Recommendation.

**I.**

The Social Security Act authorizes the Court to award attorney's fees following the successful prosecution of Social Security disability benefits appeals. Such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. 42 U.S.C. § 406(b)(1)(A). Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*.

A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). An award of attorney's fees under Section 406 is not unreasonable merely because it results in an above-average hourly rate. *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. A reduction of the contingency-fee award may be warranted if (1) counsel acted improperly or provided ineffective assistance, or (2) "counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. "[A] windfall can never occur when, in a case where a contingency-fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee

permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418, 422 (6th Cir. 1990). This "multiplier of 2 is an appropriate floor in light of indications that [S]ocial [S]ecurity attorneys are successful in approximately 50% of cases they file in the courts. Without a multiplier, a strict hourly rate would insure that [S]ocial [S]ecurity attorneys would not, averaged over many cases, be compensated adequately." *Id*.

## II.

The Commissioner does not oppose counsel's request that the Court order payment of 25% of Plaintiff's past-due Disability Insurance Benefits ("DIB"), which amounts to $25,865.25. Doc. 19 at PageID 738. The Commissioner makes only one argument in opposition to counsel's motion: that counsel is not eligible to receive an award of 25% of past-due benefits from February 2008 through March 2008, as Plaintiff did not receive benefits during that time. *Id.* at PageID 739. This sum constitutes $212.34 in attorney's fees (*i.e.*, 25% of $849.34). The Commissioner notes, and the Court agrees, that there were no past due benefits awarded to Plaintiff for February and March 2008, as Plaintiff was ineligible due to his receipt of unemployment benefits. *Id.*; *see also* doc. 19-1 at PageID 742, 745; doc. 18-4 at PageID 690. This $212.34 should thus be subtracted from the $26,079.59 sought here by counsel. The Court will thus proceed to analyze the reasonableness of an award of $25,865.25 in attorney's fees -- 25% of Plaintiff's past due DIB benefits – as opposed to the $26,077.59 requested by Plaintiff's counsel.

Counsel certifies that she spent a total of 68.25 hours representing Plaintiff before this Court. *See* doc. 18-2 at PageID 674. Therefore, counsel's fee of $25,865.25 for 68.25 hours amounts to an hourly rate of $378.97. This Court has previously held in ruling on a § 406(b) fee

petition, that "based on the skill and experience of Plaintiff's counsel, an appropriate hourly rate would be more in line with the fee charged by at least the 75th percentile of attorneys in Dayton, *i.e.* an hourly fee in excess of $250.00 per hour." *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273, at *1 (S.D. Ohio Sept. 24, 2012). *See also Kitchen v. Comm'r of Soc. Sec.*, No. 3:09-cv-193, 2013 WL 1149609, at *1 (S. D. Ohio Mar. 19, 2013) (approving a § 406(b) hourly rate of $548.60) (Rice, J.); *Lovett v. Comm'r of Soc. Sec.*, 2013 WL 1500282, at *2 (S.D. Ohio April 11, 2013) (approving a hypothetical hourly rate of $440.93) (Black, J.).  The Court thus finds the $378.97 hourly fee at issue here reasonable.  Moreover, there are no allegations of improper conduct or ineffectiveness of counsel, nor any suggestion that counsel expended only minimal effort.  Quite the contrary: the record reveals that counsel, an experienced Social Security practitioner, diligently and zealously worked on behalf of Plaintiff, and did so in a timely fashion.  In light of counsel's extensive experience in these matters, it does not appear that the fee ($25,865.25) would result in an undeserved windfall.  *Accord Wright v. Astrue*, No. 3:09-cv-115, 2012 WL 2700393, at *2-3 (S.D. Ohio July 6, 2012) (Merz, M.J.), *adopted by* 2012 WL 3023258, at *1 (S.D. Ohio July 24, 2012) (Rice, J.) (approving a contingency fee award of $15,000.00 for 27.80 attorney hours -- a hypothetical hourly rate of $539.57 -- under § 406(b)).

### III.

Based upon the foregoing analysis, **IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's motion for attorney's fees (doc. 18) be **GRANTED IN PART AND DENIED IN PART**, and Plaintiff's counsel be **AWARDED** the sum of $25,865.25 in attorney's fees; and

2. As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

March 18, 2014                                                      s/ **Michael J. Newman**
                                                                    United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).